WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Fabio Evelio Gomez,<br><br>    Petitioner,<br><br>v.<br><br>David Shinn, et al.,<br><br>    Respondents. | No. CV-21-01529-PHX-MTL<br><br>**ORDER**<br><br><u>DEATH PENALTY CASE</u> |

**I.**

The Court previously ordered Petitioner Fabio Evelio Gomez, who is sentenced to death, to file a petition for writ of habeas corpus by July 15, 2022.[1] (Docs. 12, 27.) Petitioner now moves for leave to file an amended petition no later than November 4, 2022, and seeks to adjust the briefing schedule accordingly. (Doc. 24.) He also moves to file Exhibits B and C to his motion to amend ex parte and under seal. (Doc. 25.) Respondents oppose Petitioner's motion to amend (*see* Doc. 29), but not Petitioner's motion to file Exhibits B and C ex parte and under seal. Petitioner has filed a reply in support of his motion to amend. (Doc. 30.) For the following reasons, the Court will grant both motions.

---

[1] The parties agree that the statute of limitations governing this petition, *see* Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d)(1)(A), expires on July 22, 2022 (Doc. 11 at 1–2).

**II.**

The Court may grant leave to amend a habeas petition under Federal Rule of Civil Procedure 15(a). *James v. Pliler*, 269 F.3d 1124, 1126 (9th Cir. 2001); 28 U.S.C. § 2242. Such leave "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). This policy is "applied with extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). Given this "strong policy," *Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir. 1999), the Court addresses motions for leave to amend "with all inferences in favor of granting [them]," *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999). The Court should therefore grant such a motion absent a valid reason to deny it, such as the movant's "undue delay," "bad faith," "dilatory motive," "repeated failure" to perfect a pleading through prior amendments, "undue prejudice to the opposing party," or "futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995); *cf. Woodford v. Garceau*, 538 U.S. 202, 206 (2003) (citations omitted) (noting that Congress enacted AEDPA to limit delays in effecting death sentences).

Petitioner seeks leave to file an amended petition no later than November 4, 2022, and to adjust the briefing schedule accordingly. (Doc. 24.) Petitioner cites the recent assignment of new lead counsel, the impact of the COVID-19 pandemic, including obstacles to "necessary overseas investigation,"[2] and other challenges described in the sealed exhibits. (Doc. 24 at 4–11.) Petitioner claims that allowing him to file an amended petition will promote efficiency by ensuring that he has raised and supported all claims and included necessary allegations concerning procedural defenses. (*Id.*) He argues that granting the motion will allow him to "lodge any new claims or allegations in an amended pleading and promptly seek retroactive equitable tolling, if necessary, before Respondents have filed an answer, allowing them to be addressed in a single responsive filing." (*Id.*)

---

[2] Petitioner was born and raised in the Dominican Republic, where a "majority of information" relevant to this case is located. Travel to the Dominican Republic has been restricted by the United States Department of State. (Doc. 24 at 7; Doc. 24-1.)

Petitioner further contends that as an indigent prisoner sentenced to death, he has a right to habeas counsel under 18 U.S.C. § 3599(a)(2), which is "crucial" given "[t]he complexity" of capital habeas cases. This right to habeas counsel includes "a right for [] counsel meaningfully to research and present a defendant's habeas claims." (Doc. 5 at 1–2 (citing *McFarland v. Scott*, 512 U.S. 849, 855–56, 858 (1994))). Petitioner also cites the American Bar Association's Guidelines for the Appointment and Performance of Defense Counsel in Death Penalty Cases. These guidelines, though not binding, provide that habeas counsel should "thorough[ly] and independent[ly]" investigate issues, "full[y] examin[e]" the defenses in state court, and "independently" ensure the record "is complete and to supplement it as appropriate." Guideline 10.7(A) and (B) (rev. ed. 2003).

Petitioner also asserts that the pandemic has impeded counsel's ability to comply with their duty to effectively represent him. (Doc. 24 at 4–11.) For instance, the response of agencies to records requests have slowed. (*Id.* at 7.) Further, state post-conviction counsel's serious bout with COVID-19 "significantly delay[ed]" the transfer of physical files to habeas counsel in Arizona. (*Id.*) In addition, in-person interviews were delayed. (Doc. 24 at 7–8; Doc. 24-1.) Petitioner adds that the pandemic has caused a "lingering backlog of investigation work" for habeas counsel's investigation staff. (Doc. 24 at 10.) In sum, Petitioner argues that the pandemic has caused unforeseen, extraordinary circumstances that have impeded counsel's ability to prepare his habeas case. *See*, *e.g.*, *Payne v. Shinn*, No. 20-cv-00459-TUC-JAS, 2021 WL 3511136, at *3 (D. Ariz. Aug. 10, 2021).

Respondents argue that granting the motion to amend will unnecessarily delay finality for the victims because an amended petition will be futile. (Doc. 29 at 2–4.) They argue that any amendments that add claims will be time-barred, *see Mayle v. Felix*, 545 U.S. 644, 650 (2005) (claim in amended petition must relate back to timely filed petition), or will rely on evidence outside the state-court record, which cannot be considered. (Doc. 29 at 2–4 (citing *Shinn v. Ramirez*, 596 U.S. ---, 142 S. Ct. 1718 (2022) (evidence from outside the state court record of state PCR counsel's ineffective assistance may not be

considered on habeas corpus))). *See Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) ("[R]eview under 28 U.S.C. § 2254(d)(1) is limited to the record before the state court that adjudicated the claim on the merits."); 28 U.S.C. § 2254(d)(2).

At this juncture, the Court is not in a position to determine whether any claims will be time-barred or will impermissibly rely on evidence outside the state court record. Nor is the Court able to conclude whether narrow exceptions to AEDPA's time bar, or the general rule against considering evidence outside the state court record, will apply. *See* 28 U.S.C. § 2254(e)(2) (allowing evidentiary hearings on habeas review under certain circumstances); *Cooper-Smith v. Palmateer*, 397 F.3d 1236, 1241 (9th Cir. 2005) (citing *Holland v. Jackson*, 542 U.S. 649, 652–53 (2004) (per curium) (applying § 2254(e)(2) to expansion of the record to bolster a claim's merits with new evidence)); *see also Holland v. Florida*, 560 U.S. 631, 649 (2010) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)) (permitting equitable tolling of AEDPA's statute of limitations under certain circumstances).

The reasons cited by Petitioner for seeking leave to amend are meritorious, *see* Fed. R. Civ. P. 15(a), and Respondents will be afforded the opportunity to oppose any amended petition. Accordingly, the Court finds Respondents' contentions unavailing, and will grant the motion.

**III.**

Petitioner also moves to seal Exhibits B and C to his motion to amend. (Doc. 25.) The public has a right to inspect and copy public judicial records and documents. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 567 (1978). Although that right is not absolute, there is a "strong presumption in favor of access to court records." *Ctr. for Auto Safety v. Chrysler Grp.*, LLC, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *Foltz v. State Farm Mut. Aut. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). The party seeking to seal a judicial record bears the burden of overcoming that presumption by either showing "compelling reasons" if the record is a dispositive pleading or "good cause" if the record is a non-dispositive pleading. *See Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172,

1179–80 (9th Cir. 2006); *see also Ctr. for Auto Safety*, 809 F.3d at 1096–97. Exhibits B and C are appended to a non-dispositive motion, and Petitioner must demonstrate good cause justifying seal. He has done so. The Exhibits contain sensitive and privileged information, including Petitioner's counsel's investigative plan and case strategy. Good cause justifies precluding the disclosure of such information to the public or to Respondents.[3] *See* Fed. R. Civ. P. 26(b)(3); *United States v. Sleugh*, 896 F.3d 1007, 1017 (9th Cir. 2018). The Court will grant Petitioner's motion.

## IV.

Accordingly,

**IT IS ORDERED granting** Petitioner's Motion for Leave to File Amended Petition and to Modify Briefing Schedule (Doc. 24).

**IT IS FURTHER ORDERED** amending the briefing schedule in this case as follows:

1. Petitioner shall file an initial habeas petition by **July 15, 2022**.
2. Petitioner shall file an amended habeas petition by **November 4, 2022**.
3. Respondents shall file an answer by **February 3, 2023**.
4. Petitioner shall file a reply by **March 31, 2023**.
5. A notice of request for evidentiary development shall be filed by **May 12, 2023**.
6. A response to the notice of request for evidentiary development shall be filed by **June 16, 2023**.
7. A reply to a response to a notice of request for evidentiary development shall be filed by **June 30, 2023**.

**IT IS FINALLY ORDERED granting** Petitioner's unopposed Motion to File Under Seal and Ex Parte Un-Redacted Exhibits to Motion for Leave to File Amended Petition and to Modify Briefing Schedule (Doc. 25). The Clerk of the Court is hereby directed to file the lodged, unredacted exhibits (Doc. 26) ex parte and under seal.

---

[3] Respondents do not oppose Petitioner's motion.

1 | Dated this 28th day of June, 2022.

Michael T. Liburdi
Michael T. Liburdi
United States District Judge