**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Fabio Evelio Gomez, | No. CV-21-01529-PHX-MTL |
| Petitioner, | **ORDER** |
| v. | <u>DEATH PENALTY CASE</u> |
| David Shinn, et al., | |
| Respondents. | |

In mid-July 2022, Petitioner Fabio Evelio Gomez filed his redacted Petition for a Writ of Habeas Corpus (Doc. 33), redacting allegations based on sealed parts of the state-court record. (*Compare id.*, *with* Doc. 35, sealed.) Gomez also lodged his proposed unredacted Petition under seal (Doc. 35, sealed) with his unopposed motion to file it under seal (Doc. 34). The Court denied the motion without prejudice allowing the parties to brief whether there were compelling reasons to file the unredacted Petition under seal. (Doc. 36 at 2–3, sealed.) The parties complied. (Docs. 37–39.)

In his renewed motion to seal, Gomez states that he would prefer not to have his unredacted Petition filed under seal but moved to file it under seal to comply with the state-court orders sealing some portions of the state court record and Arizona Rule of Criminal Procedure 18.3(b) and (c) (governing the confidentiality of juror and potential-juror information). (Doc. 37 at 1–2.) Respondents, in turn, argue that as long as those parts of the state-court record remain sealed, this Court need not seal the unredacted Petition.[1] (Doc.

---

[1] In his Reply, Gomez rests on his renewed Motion. (Doc. 39.)

38 at 1–2.) Although the parties agree that trial transcripts sealed by the trial court no longer need to be sealed, they do not seek to have them unsealed. (Doc. 37 at 2–3; Doc. 38 at 2.) Because the Court cannot fully respect the sealed parts of the state-court record and, at the same time, publicize contents from them, the Court will grant Gomez's Motion in part and order his unredacted Petition filed under seal. *See* LRCiv 5.6(a) (Without an order by this Court, "[n]o document may be filed under seal in an unsealed civil action."); *see also* LRCiv 5.6(b) (authorizing Court to issue such an order pursuant to a motion.).

As stressed in the Court's prior order, the public has a right to inspect judicial documents and records. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). This right is based on "the interest of citizens in 'keep[ing] a watchful eye on the workings of public agencies.'" *Kamakana v. City and Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon*, 435 U.S. at 598) (alteration in *Kamakana*). But the right "is not absolute." *Nixon*, 435 U.S. at 598. It does not apply to documents "traditionally . . . kept secret for important policy reasons." (Doc. 36 at 2, quoting *Times Mirror Co. v. United States*, 873 F.2d 1210, 1219 (9th Cir. 1989), and noting federal policy against publicizing juror or potential juror identifying information).

The policy to promote access to judicial records dictates that courts seal such records only for good cause (in non-dispositive matters) or for a compelling reason (in dispositive matters). *See Kamakana*, 447 F.3d at 1180. The latter standard also applies to motions to seal all, or parts of, pleadings. *See*, *e.g.*, *In Re NVIDIA Corp. Derivative Litig.*, No. C 06-06110, 2008 WL 1859067, at *3 (N.D. Cal. Apr. 23, 2008); *accord Blackhawk Network Inc. v. SL Card Co. Inc.*, No. 21-00813-PHX-MTL, 2021 WL 2779497, at *1–2 (D. Ariz. July 2, 2021); *McCrary v. Elations Co. LLC,* No. EDCV 13-00242 JGB OP, 2014 WL 1779243, at *6 (C.D. Cal. Jan. 13, 2014).

"What constitutes a 'compelling reason' is 'best left to the sound discretion of'" the Court. *See Ctr. for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) (quoting *Nixon*, 435 U.S. at 599). In deciding whether the proponent has met their burden, a court should consider "all relevant factors," *Hagestad v. Tragesser*, 49 F.3d 1430,

1434 (9th Cir. 1995), including the "public interest in understanding the judicial process and whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes," *E.E.O.C. v. Erection Co.*, 900 F.2d 168, 170 (9th Cir. 1990). If a court decides to seal a whole, or parts of a, pleading, the court must base the "decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Hagestad*, 49 F.3d at 1434.

In *Kamakana*, the Ninth Circuit announced that the "compelling reason" standard applies "even if the dispositive motion, or its attachments, were previously filed under seal or protective order." 447 F.3d at 1179 (citing *Foltz v. State Farm Mutual Auto Ins. Co.*, 331 F.3d 1122, 1136 (9th Cir. 2003)). But that case involved records previously sealed by a federal court, *see id.* at 1176—not a state court. The crux of Gomez's request is to seal his unredacted petition because it refers to records sealed by the *state court*. (*See* Doc. 37.)

The parties to this case do not ask to have any state-court record unsealed. (*See id.*; Doc. 38.) For that reason, and as a matter of comity, the Court will not unseal those records. *See Coleman v. Thompson*, 501 U.S. 722, 730 (1991) (stating that "[i]n the habeas context, the application of the independent and adequate state ground doctrine is grounded in concerns of comity and federalism," in other words, thwarting "means to undermine the [s]tate's interest in enforcing its laws"); *Darr v. Burford*, 339 U.S. 200, 204 (1950) (noting that comity "teaches that one court should defer actions on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have an opportunity to pass upon the matter"), *overruled on different grounds by Fay v. Noia*, 372 U.S. 391 (1963); *Gage v. Chappell*, 793 F.3d 1159, 1167 (9th Cir. 2015) (citing *Coleman*, 501 U.S. at 731) ("[T]he reexamination of state convictions that the modern writ [of habeas corpus] entails implicates values of finality and comity that are important to federalism and our system of criminal justice.").

Nor will the Court sidestep the state-court sealing orders by denying the motion, which if granted, would make sealed parts of the state-court record public. In other words, the Court cannot respect those orders and, at the same time, publicize parts of those

records—records that might be used again in state proceedings if the case is remanded or moves to the Arizona Board of Executive Clemency. The Court thus finds that *Kamakana*'s rule on previously sealed records inapplicable to the unique facts here and that Gomez has offered a compelling reason to redact parts of his unredacted Petition.

The public has an interest in death-penalty matters. *Cf. Gregg v. Georgia*, 428 U.S. 153, 189 and 200 (1976) (citing *Furman v. Georgia*, 408 U.S. 238 (1972)) (describing a jury's discretion to "take[] or spare[]" one's life as a hugely "grave" matter); *Proffitt v. Florida*, 428 U.S. 242, 252-53 (1976) (upholding state's death-sentence scheme that "seek[s] to assure that the death penalty will not be imposed in an arb[itrary] or capricious manner"). And the redacted Petition includes constitutional claims of racism, sexism, and the ineffective assistance of trial counsel. (Doc. 33 at 19–38, 101-49; Doc. 35 at 19–38, 101–49.) But denial of Gomez's motion would have the effect of disregarding state court orders sealing certain portions of the state court record. The Court declines to do so. Thus, the Court will order the unredacted Petition filed under seal, except as limited below.

To the extent that Gomez seeks to redact allegations in the unredacted Petition referring to portions of the unsealed state court record, the Court will deny the Motion. (*See*, *e.g.*, Doc. 33 at 104, ls. 1–2, citing R.T. 9/9/10; *id*. at 104, ls. 14–16, citing R.T. 9/8/10; *id*. at 106, ls. 3–4, citing R.T. 9/13/10; *id*. at 108, ls. 16–18, citing R.T. 9/8/10.) *Cf.*, *e.g.*, *Monroe v. Baldwin*, No. 18-CV-156-NJR-MAB, 2019 WL 2409572, at *1 (S.D. Ill. June 7, 2019) (declining to seal "already divulged . . . sensitive details from the exhibits").

///
///
///
///
///
///
///
///

Accordingly,

**IT IS ORDERED granting in part and denying in part** Gomez's Motion to Seal Unredacted Petition (Doc. 37).

**IT IS FURTHER ORDERED** that, within **five** days of the filing date of this Order, Gomez must lodge a new redacted petition in conformance with this Order, and a red-lined version showing how the new redacted petition differs from the previous unredacted petition, *see* LRCiv 5.6(e).

**IT IS FURTHER ORDERED** that the Clerk of Court must file the lodged, proposed unredacted Petition (Doc. 35) under seal.

Dated this 27th day of September, 2022.

Michael T. Liburdi
United States District Judge