**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Fabio Evelio Gomez,<br><br>    Petitioner,<br><br>v.<br><br>Ryan Thornell, et al.,<br><br>    Respondents. | No. CV-21-01529-PHX-MTL<br><br>**ORDER**<br><br><u>DEATH PENALTY CASE</u> |

Petitioner Fabio Evelio Gomez asks the Court to stay this case pending his state postconviction review ("PCR") case on remand. (Docs. 73 and 75.) Because the PCR case on remand will bear on Gomez's habeas claims challenging his death sentence—not his convictions—the Court will grant the request only to the extent that it will suspend briefing pending further order of Court.

**I.**

This case arose from Gomez's convictions and sentences for kidnapping, sexually assaulting, and murdering Joan Morane. *State v. Gomez* (*Gomez I*), 123 P.3d 1131 (Ariz. 2005); *State v. Gomez* (*Gomez II*), 293 P.3d 495 (Ariz. 2012). (Doc. 51.) A jury resentenced him to death for the murder in 2010. *Gomez II*, 293 P.3d at 497, ¶ 1.

In 2018, in his state PCR case, Gomez raised errors under *Simmons v. South Carolina*, 512 U.S. 154 (1994), and *Lynch v. Arizona*, 578 U.S. 613 (2016) (per curiam).[1]

---

[1] In *Simmons*, the Supreme Court held that when the prosecution raises future dangerousness as a reason to impose a death sentence, the accused has a due process right to inform the jury that he is ineligible for parole. 512 U.S. at 156. In *Lynch*, the Supreme Court reversed the Arizona Supreme Court's decision that *Simmons* did not apply to

(R.O.A. 987 at 4–15; R.O.A. 998 at 3.) The PCR court denied Gomez's *Simmons-Lynch* claims, finding the claim had been waived on appeal. (R.O.A. 1003, citing Ariz. R. Crim. P. 32.2(a)(3).) It also found the claims meritless because *Lynch* did not apply to him. (*Id.* at 2–5.) The court reasoned that the State did not "inject[ ] 'future dangerousness'" as an aggravating circumstance and that *Lynch* was otherwise not retroactive. (*Id.*) Also, the court found that Gomez's trial counsel did not render ineffective assistance by failing to request a *Simmons* instruction where Gomez had been sentenced to death before *Lynch* was decided, and neither *Lynch* nor resulting state case law "retroactively rendered counsel's performance" deficient. (*Id.* at 5–6.) The court also found Gomez's appellate counsel's performance had not been deficient for those same reasons. (*Id.* at 6.) Further, the Court found that Gomez was not prejudiced by appellate counsel's performance, and dismissed the PCR case. (*Id.* at 6–9.) The Arizona Supreme Court denied review in April 2021. (R.O.A. 1025.)

The Arizona Supreme Court later held that *Lynch* did not apply retroactively and did not provide an avenue for postconviction relief because it was not a significant change in the law. *State v. Cruz* (*Cruz I*), 487 P.3d 991 (Ariz. 2021). Cruz petitioned the United States Supreme Court for a writ of certiorari. *See Cruz v. Arizona* (*Cruz II*), 142 S. Ct. 1412 (U.S. Mar. 28, 2022) (mem.). Likewise, Gomez and other death-row inmates jointly petitioned for the writ. *Burns v. Arizona*, No. 21-847 (2021).[2] The Supreme Court granted certiorari in *Cruz II* to consider the Arizona Supreme Court's decision that *Lynch* was not a significant change in the law that applied to other death-sentenced petitioners. 142 S. Ct. 1412 (U.S. Mar. 28, 2022) (mem.). While his petition for certiorari was pending before the Supreme Court, Gomez filed his Petition in this Court, which included the same *Simmons-Lynch* claims. (Doc. 31; Doc. 51 at 11–19, 143–44, 147–49; Doc. 71.) This Court

---

Lynch's death sentence. 578 U.S. 613.

[2] *See* chrome-extension://efaidnbmnnnibpcajpcglclefindmkaj/https://www.supremecourt.gov/DocketPDF/21/21-847/204076/20211203160710892_Burns%20Cert%20Petition.pdf (last accessed Apr. 14, 2023).

subsequently granted Gomez leave to file an amended petition, and as noted above, twice previously granted Gomez extensions to file an amended petition.

On February 22, 2023, the United States Supreme Court issued its decision in *Cruz II*, reversing the Arizona Supreme Court's holding in *Cruz I* that *Lynch* "was not a significant change in the law for purposes of [Arizona Rule of Criminal Procedure] 32.1(g)"[3] and that the Arizona Supreme Court's decision therefore did not rest on an adequate and independent state-law ground that barred a successive PCR petition. *Cruz II*, 143 S. Ct. 650, 655 (2023). The Supreme Court vacated the Arizona Supreme Court's judgment and remanded the decision in *Cruz I*. *Id.* at 662. The Supreme Court also granted Gomez certiorari, vacated the PCR court's denial of relief on the *Simmons-Lynch* claims, and remanded to the PCR court "for further consideration in light of [*Cruz II*, 143 S. Ct. 650]." *Burns*, No. 21-847 (Mar. 6, 2023).[4] Gomez now asks this Court to stay this case pending his state PCR case on remand. (Docs. 73 and 75.) Respondents do not object. (Doc. 74.)

## II.

The Court "has discretionary power" to grant stay requests. *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)); *see Landis*, 229 U.S. at 254 (explaining that such power "is incidental" to a court's inherent power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants"). For example, the Court "may, with propriety, find it is efficient for its own docket and the fairest course for the parties" to stay a case "pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of California*, 593 F.2d 857, 863 (9th Cir. 1979). In assessing whether

---

[3] Rule 32.1(g) allows a defendant "to bring a successive petition [for postconviction relief] if 'there has been a significant change in the law that, if applicable to the defendant's case, would probably overturn the defendant's judgment or sentence.'" *Cruz II*, 143 S. Ct. at 655 (quoting Ariz. R. Crim. P. 32.1(g) (Cum. Supp. 2022)).

[4] *See* chrome-extension://efaidnbmnnnibpcajpcglclefindmkaj/https://www.supremecourt.gov/orders/courtorders/030623zor_f2bh.pdf (last accessed Apr. 14, 2023).

to stay a case, a court weighs "the competing interests," including the "possible damage" that could result from granting a stay, "the hardship or inequity" that a party "may suffer in being required to go forward," and the simplification of, or complication of, the issues, proof, and questions of law that may result from a stay. *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis*, 299 U.S. at 254–55); *see Lockyer*, 398 F.3d at 1110–11 (noting that a stay may be suitable when the resolution of issues in the other case will help in resolving the case sought to be stayed).

### III.

Gomez seeks to stay this case pending completion of his state PCR case on remand because the judgment in that case may vacate his death sentence and order a new sentencing, rendering his current "sentence-related claims moot," or uphold his death sentence, which this Court could then address. (Doc. 73 at 4–5, citing 28 U.S.C. § 2255(d)). Either result may occur because the Supreme Court vacated the PCR court's judgment and will therefore bear on Gomez's sentence-related habeas claims.

Gomez's remanded PCR case will not, however, bear on his conviction-related claims. (*E.g.*, Doc. 51 at 38–52, claim ineffective assistance of counsel at the guilt phase.) *Cruz II*, on which the Supreme Court based its order vacating the PCR court's judgment, concerns the validity of Gomez's death sentence—not his convictions. Hence, this Court need not stay *all* activity in this case. *Cf. Fitzgerald v. Shinn*, No. CV-19-05219-PHX-MTL (D. Ariz. Oct. 5, 2022) (Doc. 56, declining to stay federal habeas case pending the Supreme Court's decision in *Cruz II*, finding this Court need not stay the whole case, as *Cruz II* would not affect Fitzgerald's non-*Simmons* habeas claims); *Cropper v. Shinn*, No. CV-19-05618-PHX-GMS, 2022 WL 2018358, at *1 (D. Ariz. May 13, 2022) (same). The Court expects Gomez to continue to investigate and prepare claims for his amended habeas petition as well as any requests for evidentiary development, so that his amended petition and requests for evidentiary development may be promptly filed following the conclusion of state PCR proceedings. *See*, *e.g.*, *Fitzgerald*, No. CV-19-05219-PHX-MTL (Doc. 56 at 3); *Cropper*, 2022 WL 2018358, at *1.

The Court, in its inherent power to control its docket with economy of time and effort for itself and the parties, will stay briefing in this case pending conclusion of his PCR proceedings, but not Gomez's preparations of his claims in his amended habeas petition or requests for evidentiary development. *See*, *e.g.*, *Fitzgerald*, No. CV-19-05219-PHX-MTL (Doc. 56 at 3); *Cropper*, 2022 WL 2018358, at *1. Such a stay furthers AEDPA's goals by not halting all activity in this case while avoiding briefing of claims that may be rendered moot or superseded. *See Rhines v. Weber*, 544 U.S. 269, 277 (2005). It also respects comity between federal and state courts by affording the state courts the opportunity to address Gomez's *Simmons* claims in light of *Cruz II* in the first instance. *See Rose v. Lundy*, 455 U.S. 509, 518–19 (1982). For these reasons, the Court will stay briefing in this case.

**IV.**

Accordingly,

**IT IS ORDERED granting** Gomez's Motion to Stay (Doc. 73) to the extent that *briefing* in this case is **stayed** pending further Court order.

**IT IS FURTHER ORDERED** that every **90 days** the parties must file a joint report on the status of Gomez's state PCR case on remand and that within **14 days** after the judgment in that case becomes final, the parties shall file a joint proposed briefing schedule.

Dated this 18th day of April, 2023.

Michael T. Liburdi
United States District Judge